DAVID and STEPHANIE CAMPBELL, Plaintiffs

v.

ROBERT and DEBRA ROPER,
DOES I AND II, Defendants

Civil No. 951-79
Superior Court of Guam
March 28, 1980

- - - - -

- - - - -

WEEKS, Judge

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### and DECISION

This matter comes before the Court with a somewhat involved procedural background. Judgment by default was entered against Mrs. Roper on January 7, 1980. this was set aside on February 22, 1980. Next, plaintiff moved for summary judgment against Robert Roper on February 6 on the grounds that the material contained in this request for admissions filed November 30, 1979 had not been answered and were therefore admitted. The judgment was denied but a request by Defendant Robert Roper to file answers to admissions was also denied at that time. Trial took place on March 25 with argument on March 26, 1980.

The ownership of the rings found by Mrs. Roper is, as counsel for both sides agree, the crux of this case.

The court having sat as fact finder and having weighed both the credibility and interest of the witnesses, finds that the probability is overwhelming that the rings found by Mrs. Roper are those lost by Mrs. Campbell. The situs at the Andersen Air Force Base Plaza, the time frame of disappearing and finding of the rings, the gross similarities in design (whatever the recollection of minute differences may be), the undisputed bend in the engagement ring, all militate against the possible coincidence that two sets of rings were in issue here.

The Court hereby makes and files its Findings of Fact and Conclusions of Law.

FINDINGS OF FACT: Plaintiff David Campbell purchased a set of rings in November 1978 for $777.00. The rings were set with diamonds and made to be worn together and present a single design.

David Campbell, in December 1978, and in June 1979, gave those rings to Stephanie Campbell. While in Guam in July 1979, one of the rings was bent in a mishap.

On or about 31 August at Andersen Air Force Base in Guam, Stephanie Campbell lost the rings in the ladies' restroom near her place of business. Mrs. Campbell personally searched for the rings and notified the Security Lost and Found, the managers of stores in the Plaza, and certain persons with whom she worked. It is not indicated that she posted a notice or advertised in the base newspaper.

About the end of August or beginning of September Mrs. Roper found a ring set designed with diamonds, one of the bands being bent, in the ladies' restroom near her place of employment at Andersen Air Force Base, Guam.

The ring set found by Mrs. Roper on or about the end of August, beginning of September was the ring set lost by Mrs. Campbell.

Mrs. Roper made no attempt to place the rings in the custody of police or base authorities or to advertise them. Mrs. Roper kept the rings in her possession, unadvertised, for a period of approximately two weeks. She did exhibit them to friends.

Mrs. Roper sold the rings for $80.00 an unidentified person who took possession after giving a check to Mrs. Roper. This occurred approximately two weeks after the rings were found.

Mrs. Roper did not consult with her husband, nor receive guidance from him in the disposition of the rings she found. He cooperated in their sale only by cashing the check for her and immediately gave her the money.

After the rings were sold mutual acquaintances advised Mrs. Roper that Mrs. Campbell had lost a ring set. This was Mrs. Roper's first knowledge of a specific claimant.

A series of three confrontations between Mrs. Campbell and Mrs. Roper and a meeting between Mr. Roper and Mr. Campbell took place with regard to identification of the rings in question. That Plaintiff was calm and showed no signs of disturbance at them. These occurred within three months of the time of finding of the rings.

Mrs. Campbell was willing to reimburse and even reward the finder of her rings. Mrs. Roper, accompanied by her husband, attempted to contact the person who has purchased the rings to clarify the situation as to original ownership. Their attempt was unsuccessful.

Mr. and Mrs. Campbell retained counsel to represent them in an action for damages regarding the incident. Initial

17

retainer was $250.00 with one-third of the recovered sum remaining to be paid to counsel if the suit is successful.

The following Conclusions of Law are reached by the Court:

CONCLUSIONS OF LAW: Debra Roper did not comply with the statutory requirements for one who finds property of an unknown owner, and wrongfully exercised ownership over the rings in question by selling them, all within a three month period after finding them, and is therefore liable to the owner of the rings for double their value.[1]

The rings are the separate property of Stephanie Campbell, such rings having been given to her by husband, David Campbell.[2]

The cooperation admitted by Robert Roper in Paragraph 4 of his admissions, being shown by testimony as mere negotiation of the check, is insufficient to establish statutory liability.

The Actions of Mrs. Roper in disposing of the rings without advertising or further attempting to determine ownership when coupled with her actions in seeking to locate the buyer do not show malice (rather cupidity) and do not constitute a basis for punitive damages.[3]

The mental anguish testified to by Plaintiff cannot be assessed from evidence received and is therefore deemed nominal.[4]

DECISION: Judgment will be entered for Defendants Robert Roper and Debra Roper against Plaintiff David Campbell.

Judgment will be entered for Defendant Robert Roper against Plaintiff Stephanie Campbell.

Judgment will be entered for Plaintiff Stephanie Campbell against Defendant Debra Roper in the amount of $1554.00 plus nominal damages for mental anguish of $50.00.

Attorney's fees denied.

Costs to be assessed against Defendant Debra Roper.

Footnotes:
[1] Section 1865 - 1872 - Civil Code of Guam.
[2] Section 162 - Civil Code of Guam.
[3] Section 3294 - Civil Code of Guam.
[4] Section 3360 - Civil Code of Guam.